# FEDERAL PUBLIC DEFENDER
## DISTRICT OF NEW JERSEY
RICHARD COUGHLIN, FEDERAL PUBLIC DEFENDER



800-850 COOPER STREET • SUITE 350 • CAMDEN, NEW JERSEY 08102 • (856) 757-5341

---

May 9, 2022

Honorable Rudolph Contreras
United States District Judge
United States District Court
333 Constitution Ave. N.W.
Washington, D.C. 20001

*LEAVE TO FILE GRANTED*
*5/16/2022*

> Re: United States v. Robert Chapman
>     Criminal No. 21-676 (RC)

Dear, Judge Contreras:

My general experience for the penalty imposed on an individual convicted of a B misdemeanor (or its state equivalent) when that individual works full time, financially supports his family, and has a meager criminal record, is a probationary sentence. But from my rough count, as of late April, of the 122 defendants sentenced on the same one-count charge of 40 U.S.C. § 5104(e)(2)(G) as Mr. Chapman, 37 have received a sentence of incarceration.[1] Obviously, this B misdemeanor strikes a different chord with many who are charged with determining a just sentence. Whether that's warranted or not I don't know, but I will address the salient reasons that I believe support a sentence in this case of 12 months-probation, the agreed upon $500.00 payment of restitution, a $250.00 fine, and 20 hours of Community Service.

Robert Chapman came to Washington on January 6th, 2021, to hear the President speak. Afterwards, like many, he marched from the initial rally to the Capital. Although he was not permitted to do so, Mr. Chapman walked into the Capital. He stayed for roughly 45 minutes, walking through the Rotunda and Statuary Hall. Mr. Chapman took photos of himself and by his own account gave interviews to two reporters on the scene. He left on his own accord. He didn't break anything or threaten anyone. He didn't steal anything. That's a compressed but accurate account of what Mr. Chapman did.

For the last twenty years Mr. Chapman has been employed as an electrician through his union, Local Union #3 IBEW. He is a skilled journeyman who has to regularly take classes at the Union headquarters in Queens, NY in such areas as OSHA compliance and high voltage procedures. He is currently employed through his union at a job site in Purchase, NY working

---

[1] While the approximately 85 remaining sentences are for a period of probation, some include home detention, and a few home incarceration and community incarceration as part of probation.

for the investment firm, Morgan Stanley. Mr. Chapman works 6 days a week. On Sundays he spends time with his mother and daughter, and he visits them twice a week after work. His criminal history is scant, and by my judgment his most serious offense is a Driving while Intoxicated conviction that occurred 16 years ago. Paragraph 32 of the Presentence Report, dated March 21, 2022, reads that in a misdemeanor information included with traffic violations, Mr. Chapman was charged with possessing a gravity knife. I'll just note that a gravity knife is a utility knife and in 2017 I believe New York was one of the few places (if not the only place) in the country where gravity knives were illegal. New York repealed the proscription against gravity knives in 2019. Mr. Chapman has been on pretrial release since his arrest in April of last year and he has been compliant in every way. I have spoken with Mr. Chapman dozens of times on the phone and have met with him in person in New York and Philadelphia. He presents himself to me as an affable, hardworking man who loves his daughter and mother. He's accepted responsibility for his offense and his remorse is proportional to his actions.

Given the nature and circumstances of the offense and the history and characteristics of Mr. Chapman, I believe a probationary sentence is commensurate with the need to reflect the seriousness of the offense. The totality of what occurred on January 6th, 2021, is serious and continues to signal this country's need for civilized dialogue between dueling factions, but Mr. Chapman's role was minor and caused no direct harm. I don't think specific deterrence or general deterrence is an issue. This was a generational event and the circumstances surrounding it are unlikely to repeat. And I don't believe the public needs protection from a middle-aged man who works 6 days a week, provides for his family, and whose history denotes no serious offense.

For the above reasons, the defense requests a sentence of probation for 12 months.

Respectfully submitted,

TOM YOUNG
Assistant Federal Defender

Cc: Brittany Reed, AUSA
    Sherry Baker, USPO

for the investment firm, Morgan Stanley. Mr. Chapman works 6 days a week. On Sundays he spends time with his mother and daughter, and he visits them twice a week after work. His criminal history is scant, and by my judgment his most serious offense is a Driving while Intoxicated conviction that occurred 16 years ago. Paragraph 32 of the Presentence Report, dated March 21, 2022, reads that in a misdemeanor information included with traffic violations, Mr. Chapman was charged with possessing a gravity knife. I'll just note that a gravity knife is a utility knife and in 2017 I believe New York was one of the few places (if not the only place) in the country where gravity knives were illegal. New York repealed the proscription against gravity knives in 2019. Mr. Chapman has been on pretrial release since his arrest in April of last year and he has been compliant in every way. I have spoken with Mr. Chapman dozens of times on the phone and have met with him in person in New York and Philadelphia. He presents himself to me as an affable, hardworking man who loves his daughter and mother. He's accepted responsibility for his offense and his remorse is proportional to his actions.

Given the nature and circumstances of the offense and the history and characteristics of Mr. Chapman, I believe a probationary sentence is commensurate with the need to reflect the seriousness of the offense. The totality of what occurred on January 6th, 2021, is serious and continues to signal this country's need for civilized dialogue between dueling factions, but Mr. Chapman's role was minor and caused no direct harm. I don't think specific deterrence or general deterrence is an issue. This was a generational event and the circumstances surrounding it are unlikely to repeat. And I don't believe the public needs protection from a middle-aged man who works 6 days a week, provides for his family, and whose history denotes no serious offense.

For the above reasons, the defense requests a sentence of probation for 12 months.

Respectfully submitted,

TOM YOUNG
Assistant Federal Defender

Cc: Brittany Reed, AUSA
    Sherry Baker, USPO