# FEDERAL PUBLIC DEFENDER
## DISTRICT OF NEW JERSEY
RICHARD COUGHLIN, FEDERAL PUBLIC DEFENDER

800-850 COOPER STREET • SUITE 350 • CAMDEN, NEW JERSEY 08102 • (856) 757-5341



May 17, 2022

Honorable Rudolph Contreras
United States District Judge United
States District Court 333 Constitution
Ave. N.W. Washington, D.C. 20001

LEAVE TO FILE GRANTED
5/17/2022

Re: United States v. Robert Chapman
Criminal No. 21-676 (RC)

Dear, Judge Contreras:

I am writing a brief response to the government's sentencing memo dated May 9th, 2022. I will also be submitting later today a legal memorandum (a distilled template from the defense bar representing individuals charged with petty misdemeanors stemming from January 6th, 2021) regarding the split sentence issue due to the government's request for one.

The government argues that one reason for the imposition of a sentence of incarceration stems from Mr. Chapman's criminal history, including a firearm offense. To be clear, Mr. Chapman has never been convicted or arrested for a firearm offense. Paragraph 28 of the Presentence Report (PSR) notes a conditional discharge that occurred on 12/09/2005. The statute that this charge falls under is NY Penal §265.01. It is a misdemeanor charge and covers a laundry list of items, including firearms and gravity knives. Mr. Chapman received a conditional discharge for a gravity knife. A gravity knife was also part of a traffic stop that occurred in 2017 as mentioned in paragraph 32 of the PSR. I briefly discussed the issue of gravity knives in my letter to this Court on May 9th, 2022, but I'll add the following- not all gravity knives are the same, but many (if not most) are utility knives, carried by laborers, carpenters, and electricians such as Mr. Chapman. Gravity knives are favored by these workers because you can grip an item in one hand while unfolding the utility knife with the other using a flick of your wrist and gravity. In New York thousands of laborers who were stopped for a traffic violation and had a gravity knife on their belt were cited under NY Penal §265.01 and granted a conditional discharge, until finally the law prohibiting gravity knives was repealed.

The government in its memo also suggests that Mr. Chapman's conduct on January 6th was particularly egregious (compared to others who were also non-violent, and didn't steal or damage anything) because he briefly stepped outside the Capital before going back in, as well as telling someone to come inside to see how beautiful the Capital was even if they had to push their way

in. Whether that conduct separates Mr. Chapman in some meaningful way from other non-violent, non-threatening, non-destructive petty misdemeanor offenders is for this Court to decide, but I will add this,

Mr. Chapman is guilty of the charge and was perhaps at times a bit obnoxious on January 6th, but he was gentle to the art and structure of the capital and with the people inside and out, helping several people on the ground back to their feet, including a Capital Police Officer.

Respectfully submitted,

TOM YOUNG
Assistant Federal Defender

Cc: Brittany Reed, AUSA
    Sherry Baker, USPO